Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
2510 Wigwam Parkway, Suite 206
Henderson, Nevada 89074
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SIMON JULIAN SWINTON, an individual;<br><br>Plaintiff;<br><br>v.<br><br>SALLIE MAE SERVICING CORPORATION, a foreign corporation; EQUIFAX, INC., a foreign corporation;<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET. SEQ.**<br><br>**JURY DEMAND** |

Plaintiff, Simon Julian Swinton ("Plaintiff"), by and through his attorney of record, Kevin L. Hernandez, Esq. of the Law Office of Kevin L. Hernandez, and for his claims for relief against Defendants, Sallie Mae Servicing Corporation ("Sallie Mae") and Equifax, Inc. ("Equifax"), (collectively referred to as "Defendants") complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA").

2. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendants reside and/or do business in the District of Nevada.

4. Venue is also proper in this District because the acts and transactions that give

rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

5. Plaintiff is an adult individual residing in the State of Nevada.

6. Sallie Mae is a foreign corporation doing business in the State of Nevada.

7. Sallie Mae regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" as contemplated by 15 U.S.C. § 1681s-2(b).

8. Equifax is a foreign corporation doing business in the State of Nevada.

9. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

10. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

11. Equifax disburses said consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

12. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

13. On or about August 2016, Plaintiff obtained a copy of his Equifax credit report and became aware that Defendants were incorrectly reporting Sallie Mae account number 585250XXXX (the "Account").

14. The Account is the result of identity theft.

15. Plaintiff did not sign an agreement with Sallie Mae or authorize anyone to sign an agreement with Sallie Mae on his behalf.

16. Plaintiff did not receive any benefit from Sallie Mae or the Account.

17. A woman named Gabrielle Carr wrongfully used Plaintiff's personal information to execute an agreement to cosign for the Account without Plaintiff's express approval or authorization.

18. Upon discovering the fraudulent credit reporting, Plaintiff prepared a Federal Trade Commission Identity Theft Victim's Complaint and Affidavit (the "FTC Report"), which Plaintiff had notarized on or about November 22, 2016.

19. The FTC Report outlines in detail Plaintiff's understanding of the Account involved in the identity theft and all facts related to the misreporting to the best of his knowledge and understanding.

20. On or about August 5, 2016, Plaintiff went to the Las Vegas Metropolitan Police Department and filled out an incident report under report number LLV160805002113 with Officer Megan Madonna (the "Police Report").

21. In November 2016, Plaintiff submitted a written dispute to Equifax regarding the inaccuracy of the Account.

22. Plaintiff enclosed a copy of the FTC Report and Police Report with his written dispute to Equifax.

23. After receiving the written dispute from Plaintiff, Equifax timely notified Sallie Mae of Plaintiff's dispute.

24. Defendants each failed to fully correct the inaccuracies in Plaintiff's credit report within thirty (30) days of receipt of Plaintiff's disputes.

25. Upon Plaintiff's disputes of the inaccurate information, Defendants each failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

26. In the alternative, Defendants each failed to conduct a lawful investigation of the disputed account information on Plaintiff's credit report.

27. In failing to delete the fraudulent accounts, Sallie Mae continued to report inaccurate information in violation of the FCRA.

28. In failing to delete the fraudulent accounts, Sallie Mae provided misleading information on Plaintiff's credit report in violation of the FCRA.

29. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score negatively.

30. The acts and omissions of Defendants and the other persons or entities employed as agents by Defendants were committed within the time and space limits of their agency relationship with their principal.

31. The acts and omissions of Defendants and the other persons or entities referenced in this Complaint were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by Defendants.

32. By committing these acts and omissions against Plaintiff, Defendants and these other persons or entities were motivated to benefit their principal.

33. Therefore, Defendants are liable to Plaintiff under the doctrine of Respondeat Superior for the intentional and/or negligent acts, errors, and omissions performed in violation of state and federal law by their employees, including but not limited to violations of the FCRA.

### FIRST CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681s-2(b) against Sallie Mae]**

34. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

35. Sallie Mae violated the FCRA, 15 U.S.C. § 1681s-2(b), by continuing to report the false representations within Plaintiff's credit file with Equifax; by failing to investigate Plaintiff's written dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to respond to Equifax accurately; by failing to report results on Plaintiff's credit file correctly; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

36. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit and loss of ability to purchase and benefit from credit.

37. As a direct and proximate result of this conduct, action, and inaction of Sallie Mae, Plaintiff was forced to purchase and maintain credit monitoring services.

38. Sallie Mae's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

39. In the alternative, Sallie Mae was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

40. As a direct and proximate result of the above-referenced violations by Sallie Mae, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

41. Plaintiff is entitled to recover costs and attorneys' fees from Sallie Mae in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

42. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

43. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

### [Violations of 15 U.S.C. § 1681e(b) against Equifax]

44. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

45. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file it publishes and maintains concerning Plaintiff.

46. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit and loss of ability to purchase and benefit from credit.

47. As a direct and proximate result of this conduct, action, and inaction of Equifax, Plaintiff was forced to purchase and maintain credit monitoring services.

48. Equifax's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

Law Office of Kevin L. Hernandez
2510 Wigwam Parkway, Suite 206
Henderson, Nevada 89074
(702) 563-4450 FAX: (702) 552-0408

49. In the alternative, Equifax was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

50. As a direct and proximate result of the above-referenced violations by Equifax, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

51. Plaintiff is entitled to recover costs and attorneys' fees from Equifax in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

52. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

53. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## **THIRD CLAIM FOR RELIEF**

### **[Violation of 15 U.S.C. § 1681i against Equifax]**

54. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

55. Equifax violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned inaccurate information concerning the Account in Plaintiff's credit file after receiving actual notice of these inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to Sallie Mae, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has reason to know is unreliable.

56. As a direct and proximate result of this conduct by Equifax, Plaintiff suffered, and continues to suffer, damage by loss of credit, loss of ability to purchase and benefit from credit, and credit denials.

57. As a direct and proximate result of this conduct, action, and inaction of Equifax, Plaintiff was forced to purchase and maintain credit monitoring services.

58. Equifax's conduct was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

59. Plaintiff is entitled to recover costs and attorneys' fees from Equifax in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and
5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: March 15, 2017

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
2510 Wigwam Parkway, Suite 206
Henderson, Nevada 89074
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*